**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMED ALFER VELASQUEZ-
VELASQUEZ,

　　　　　Petitioner,

v.

WILLIAM P. BARR, Attorney General,

　　　　　Respondent.

No.　14-72040

Agency No. A088-450-626

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, Hawkins and McKeown, Circuit Judges.

　　　Amed Alfer Velasquez-Velasquez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252 and we deny in part and dismiss in part the petition.

Whether a group constitutes a "particular social group" is a question of law that we review *de novo*, *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010), but we defer to the BIA's interpretation of governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings.  *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

The BIA did not err in finding that Velasquez-Velasquez has not established membership in a cognizable social group.  He has not established that "repatriated young males returning to Guatemala after a lengthy stay in the United States"  or "Guatemalan citizens who have returned from the United States who are targets of kidnapping and extortion" would be perceived by society as a particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)).  Velasquez-Velasquez's claim that he belongs to the social group of returning "Guatemalan adult male[s] who . . . previously resisted recruitment into the gangs [in Guatemala] and [who were] threatened with death as a result," was never presented to the agency and is therefore unexhausted.  *See Barron v.*

*Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (courts lack jurisdiction to review claims not presented to the agency). Finally, Velasquez-Velasquez has not established that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Velasquez-Velasquez's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**